IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

(To be supplied by the court)

ANDERSON STRAKER #29067-016 _____. Plaintiff

v.

WARDEN - STANCIL _____.

CAPTAIN - ROOT _____.

LT. MOORE _____.

SIS LT. ANTHONY _____, Defendant(s).

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

**NOV 23 2020**

**JEFFREY P. COLWELL**
**CLERK**

_____

*(List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section B. Do not include addresses here.)*

---

## PRISONER COMPLAINT

---

| NOTICE |
|---|
| Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. |
| **Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.** |

DEFENDANTS:

CORRECTIONAL OFFICER TORRES

CORRECTIONAL OFFICER STRATTEN

CORRECTIONAL OFFICER GALBAN

MEDICAL SUPERVISOR - LIGRIN

UNIT MANAGER - AVALOS

(#1 Unknown at this time)

(#2 Unknown at this time)

## A.    PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

__ANDERSON STRAKER #29067-016; 5880 STATE HIGHWAY - 67 SOUTH, P.O.BOX 6000__
(Name. prisoner identification number. and complete mailing address) **FLORENCE, COLORADO 81226-6000**

(Other names by which you have been known)

*Indicate whether you are a prisoner or other confined person as follows: (check one)*

____    Pretrial detainee
____    Civilly committed detainee
____    Immigration detainee
____    Convicted and sentenced state prisoner
**XX**    Convicted and sentenced federal prisoner
____    Other: (*Please explain*) _____

## B.    DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1:    **MOSES STANCIL - WARDEN; 5880 STATE HIGHWAY 67 SOUTH, P.O. 7000**
(Name, job title. and complete mailing address) **FLORENCE, COLORADO 81226-7000**

At the time the claim(s) in this complaint arose. was this defendant acting under color of state or federal law? **XX** Yes ____ No (*check one*). Briefly explain:

**Mr. Stancil was then the active/acting prison warden at USP**

**Florence.**

Defendant 1 is being sued in his/her **xx** individual and/or ____ official capacity.

2

Defendant 2:    MR. ROOT - CAPTAIN; 5880 STATE HIGHWAY - 67 SOUTH, P.O. BOX 7000
(Name. job title. and complete mailing address) FLORENCE, COLORADO 81226-7000

At the time the claim(s) in this complaint arose. was this defendant acting under color of state or federal law? **xx** Yes ___ No (*check one*). Briefly explain:

**Mr. Root was then acting/active operations supervisor at USP**

**Florence.**

Defendant 2 is being sued in his/her **XX** individual and/or ___ official capacity.

Defendant 3:    MR. MOORE - Lieutenant; 5880 STATE HIGHWAY - 67 SOUTH, P.O. BOX 7000
(Name. job title. and complete mailing address) FLORENCE, COLORADO 81226-7000

At the time the claim(s) in this complaint arose. was this defendant acting under color of state or federal law? **xx** Yes ___ No (*check one*). Briefly explain:

**Mr. Moore was then acting/active operations/Special Housing Unit**

**at USP Florence.**

Defendant 3 is being sued in his/her **xx** individual and/or ___ official capacity.

## C.    JURISDICTION

*Indicate the federal legal basis for your claim(s): (check all that apply)*

___    42 U.S.C. § 1983 (state. county. and municipal defendants)

**XX**    *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (federal defendants)

**XX**    Other: (*please identify*) **Title 42 U.S.C. §1985(3)**

B. <u>Defendant's Information:</u>

Defendant 4:   MR. ANTHONY - SIS LIEUTENANT; 5880 STATE HIGHWAY - 67 SOUTH, P.O. BOX 7000, FLORENCE, COLORADO 81226-7000

     Mr. Anthony was then acting/active SIS Lieuenant at USP Florence.

     Mr. Anthony is being sued in his **individual capacity.**

Defendant 5:   MR. TORRES - CORRECTIONAL OFFICER/SHU STAFF; 5880 STATE HIGHWAY - 67 SOUTH, P.O. BOX 7000, FLORENCE, COLORADO 81226-7000

     Mr. Torres was then acting/active correctional officer at USP Florence assigned to the SHU.

     Mr. Torres is being sued in his **individual capacity.**

Defendant 6:   MR. STRATTEN - CORRECTIONAL OFFICER/SHU STAFF; 5880 STATE HIGHWAY -67 SOUTH, P.O. BOX 7000, FLORENCE, COLORAD 81226-7000

     Mr. Stratten was then acting/active correctional officer at USP Florence assigned to the SHU.

     Mr. Stratten is being sued in his **individual capacity.**

Defendant 7:   MR. GALBAN - CORRECTIONAL OFFICER/SHU STAFF; 5880 STATE HIGHWAY - 67 SOUTH, P.O. BOX 7000, FLORENCE, COLORADO 81226-7000

     Mr. Galban was then acting/active correctional officer at USP Florence assigned to the SHU.

     Mr. Galban is being sued in his **individual capacity.**

Defendant 8:   MS. LIGRIN - MEDICAL SUPERVISOR; 5880 STATE HIGHWAY - 67 SOUTH, P.O. BOX 7000, FLORENCE, COLORADO 81226-7000

     Ms. Ligrin was then acting/active medical supervisor assigned to SHU walk-thru(s) at USP Florence.

     Ms. Ligrin is being sued in her **individual capacity.**

Defendant 9:   MS. AVALOS - UNIT MANGER; 5880 STATE HIGHWAY - 67 SOUTH, P.O. BOX 7000, FLORENCE, COLORADO 81226-7000

     Ms. Avalos was then acting/active unit manager assigned to living unit (DA) at USP Florence.

     Ms. Avalos is being sued in her **individual capacity.**

Defendant 10:   (Unknown at this time); USP Florence, 5880 State Highway - 67 South P.O. Box 7000, Florence, Colorado 81226-7000

     The aforementioned individual will be sued in their **individual capacity.**

Defendant 11:   (Unknown at this time); USP Florence, 5880 State Highway - 67 South P.O. Box 7000, Florence, Colorado 81226-7000

     The aforementioned individual will be sued in their **individual capacity.**

Page 1 of 1

## D.    STATEMENT OF CLAIM(S)

*State clearly and concisely every claim that you are asserting in this action. For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific legal cases to support your claim(s). If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

The defendant(s) while acting under the color of federal law and as federal employees, violated Mr. Straker's constitutional right to **due process of the law**; and, the prohibition CLAIM ONE: <u>against the use of cruel and unusual punishment pursuant to both the Fifth and Eighth Amendments of the U.S. Constitution.</u>

Supporting facts:

While being housed at USP-Florence; and, after Mr. Straker successfully overturned his life sentence(s), he was removed from the prison's general population, and placed in the Special Housing Unit pending transfer to a lower custody facility, based upon a significant reduction of his custody level. The aforementioned took place per the order of security/custody Lt. Moore, in that. It was decided that Mr. Straker posed a significant risk to the safe operations of the facility, based upon his "new" custody level. Thus, Mr. Straker was placed in a **single man cell assignment** for **safety reason(s)**.

Furthermore, after the aforementioned placement/assignment in the Special Housing Unit on August 6th, 2019. After approximately fifteen days, correctional/housing officers assigned to the SHU – C/O(s): Torres, Stratten and Galban change his cell assignment, and directly ordered him to move into the cell with a higher custody level inmate from DC, whom was awaiting transfer based upon disciplinary reason(s). Moreover, prior to being placed in the cell, Mr. Straker informed the aforementioned correctional officers of the situation, and requested to speak with someone of higher ranking. In totality Mr. Straker's request was denied and he was forced to move, which eventually lead to him being assaulted by the higher custody level inmate he was placed into the cell with. In addition, thereafter numerous request, Ms. Ligrin who served as the medical attendant assigned to SHU rounds failed to administer medical care in a sufficient to Mr. Straker after the assault took place. The assault resulted in Mr. Straker being knocked unconscious, suffering a bloody nose and mouth, several contusions and a medium size knot develop above his temple area.

It took SIS Lt. Anthony four days to investigate the matter prior to the assault, and issue a directive for Mr. Straker to be returned back to a single cell assignment. However, the aforementioned was previously "well documented" prior to move. Thereafter, Mr. Straker requested and sought the aide of Warden Stancil and several other Custody-Assistant Wardens, and Unit Manager Avalos; in relation to exactly why he was removed from the prison's general population; and, why it was taking him so long to be transferred in connection with a custody matter of non-disciplinary nature, in which. The aforementioned acted with extreme indifference, and blew Mr. Straker time after time. In addition, while Mr. Straker had be removed from general population in connection with the aforementioned custody issue(s), inmate: Khary Ancrum – #41746-083, was in the exact same situation as Mr. Straker, in that. His sentence of life had been significantly reduced, which included a significant drop in his custody level; however, Mr. Ancrum was permitted to remain in the general prison population at USP-Florence while

4

D. **Statement of Claim(s), cont'd.**

CLAIM ONE: — awaiting transfer to a lower custody facility. Bear in mind, both inmates were "similarly situated" and housed at USP-Florence at the same time.

Eventually, after a change of the warden, Mr. Straker was transferred to FCI-Florence, which is a medium custody facility rather than a low custody facility even though he possessed minimum custody points, in which. Although, Mr. Straker is facing deportation, potential removal from the country **does not** exclude him from being housed at low custody facility — it only prohibits him from being housed at a camp.

After being transferred to FCI-Florence, Mr. Straker was informed of astonishing facts associated with the instant matter that serve to expose and support the fact; that a conspiracy by the named defendant(s) was entered into in order to purposely deprive Mr. Straker of the aforementioned constitutional rights. See, **attached "Affidavit of Facts," by Anderson Straker, #29067-016,** in which.

Mr. Straker in his capacity as the (plaintiff) in relation to this instant matter, hereby declares under the penalty of perjury, that the written contents/substance of the aforementioned "Affidavit of Facts" is true and correct.

Thus, Mr. Straker further contends that Unit Manager Avalos had prior knowledge of an ongoing conspiracy to significantly violate his constitutional rights and purposely place him in harms way, However, she actively engaged in the aforementioned illicit activity via "acquiescene," which served not only to place her into the actual conspiracy itself; but, served as a violation of her duty as a "correctional agent" under the provisional scope of Title 18 U.S.C.A. §4042(a)(2) and (3), which mandates that "correctional officers/officials have a duty to provide "safekeeping," "care" and "protection," to all federal inmates charged to their custody."

## E.    PREVIOUS LAWSUITS

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated?  __XX__ Yes ____ No (*check one*).

*If your answer is "Yes," complete this section of the form. If you have filed more than one previous lawsuit, use additional paper to provide the requested information for each previous lawsuit. Please indicate that additional paper is attached and label the additional pages regarding previous lawsuits as "E. PREVIOUS LAWSUITS."*

| | |
|---|---|
| Name(s) of defendant(s): | S.I.S. Vaughnrick, et.al. |
| Docket number and court: | 3:CV-18-1569 - (Mariani, J.) |
| Claims raised: | Violations of Due Process; the prohibtion of the use of cruel and unusual punishment; ~~and failure to comply with 18 U.S.C. §4042~~ |
| Disposition: (is the case still pending? has it been dismissed?; was relief granted?) | Still pending: USDC MD Pennsylvania |
| Reasons for dismissal, if dismissed: | non-applicable |
| Result on appeal, if appealed: | non-applicable |

## F.    ADMINISTRATIVE REMEDIES

*WARNING: Prisoners must exhaust administrative remedies before filing an action in federal court regarding prison conditions. See 42 U.S.C. § 1997e(a). Your case may be dismissed or judgment entered against you if you have not exhausted administrative remedies.*

Is there a formal grievance procedure at the institution in which you are confined?

__XX__ Yes ____ No (*check one*)

Did you exhaust administrative remedies?

__XX__ Yes ____ No (*check one*)

Mr. Straker has exhausted all his available (administrative remedies) in the following manner. He ran the gauntlet of the Bureau of Prisons - Inmate Grievence Proc., Steps: Informal, BP-9, BP-10 and BP-11. Moreover, Mr. Straker sought monetary compensation via a Tort Claim, in which. The defendants have essentially procedurally defaulted, by not responding in a "timely" manner. See, **attachment(s): "tort claim receipts" and "grievence responses."**

5

## G.    REQUEST FOR RELIEF

*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "G. REQUEST FOR RELIEF."*

Mr. Straker is hereby seeking (actual damages) in the amount of $250,000.00; and, further seeks (punitive damages) in the amount of $3,000,000.00. Moreover, Mr. Straker is hereby requesting to have this matter decided via a **judge only trial**, if available.

## H.    PLAINTIFF'S SIGNATURE

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

*Anderson P. Straker*
(Plaintiff's signature)

11.11.2020
(Date)

(Form Revised December 2017)

AFFIDAVIT OF FACT

## By, Anderson Straker, #29067-016

I, Anderson Straker, do hereby declare under the penalty of perjury that the foregoing is true and correct; and, serves as my legal declaration in connection with the instant civil matter filed pursuant federal law and under the provisional scope of **Bivens v. Six Unknown Named Agents...,** 403 U.S. 388 (1971); and, **Title 42 U.S.C.A. §1985(3)**, in which.

While being housed at USP-Florence in my capacity as a federal prisoner, on the date of August 6th, 2019, I was removed from the prison's general population and placed in the Special Housing Unit, where I was assigned a (single man cell). Moreover, the aforementioned took place after I successfully overturned my sentence of life imprisonment, at which time it was determined I posed a risk if allowed to remain in general population, because I was reclassified to a low custody level. Thus, I was placed into the Special Housing Unit while awaiting transfer to a lower custody federal facility. In addition, while in the Special Housing Unit, I was specifically assigned a single man cell, because of concerns associated with my custody level and safety. However, while housed in the Special Housing Unit in relation to the aforementioned circumstances; BOP correctional officers forced me to move into a cell with an inmate of a higher custody level, who was awaiting transfer for disciplinary reasons, which lead to me being assaulted and badly hurt.

After the aforementioned incident took place, I made various attempts to reach out to my assigned Unit Manager – Ms. Avalos, via the prison's correspondence system, and occasions face-to-face, when she would do her assigned walk-thru the SHU; and, she refused to acknowledge my attempts and/or offer any assistance.

I was later transferred to FCI-Florence, which is in close proximity to USP-Florence; thus, BOP often work and/or visit other facilities, in which. While at FCI-Florence, Unit Manager – Avalos had made several attempts to speak with me in connection with the instant matter, in which I would normally decline, which has been witnessed on several occasions before BOP staff and other inmates, however.

On Thursday – July 9th, 2020 at approximately 12:45pm, while at my assigned job as a compound orderly, Ms. Avalos approached me in front on the FCI-Florence library/educational building, and requested to speak with me. "Please Mr. Straker hear what I have to say." Unit Manager – Avalos then went on to explain to me, that after I returned from court and had overturned the life sentence, she informed her officials (higher-ups), that I had never been a problem while housed at USP-Florence – that I was involved in programming and had managed to remain report free; and, should be allowed to remain on the compound until I was shipped to a lower custody facility. At which time, she discovered that prison officials at USP-Florence were targeting me because of civil litigation I had filed and was pending against officials at USP-Allenwood. Moreover, she informed me she was a pawn and had tried to stop my hardship faced in the Special Housing Unit while at USP-Florence. She also went on to explain, that she had previously been placed into a bad situation involving a legal suit worth millions of dollars while she was in charge of custody, in which. The situation in question involved a homosexual male who was placed in a cell and/or living arrangement with a predator. She said that she reached out to Officer Smith and others, to separate the parties in question. It never took place, and the homosexual male was raped and the fall was forced on her by Officer Smith and others, who conveniently removed themselves from the situation.

Since being at FCI-Florence from day one, I had continually asked my case manager, "Mr. Smith" the same Mr. Smith mentioned above, why I am being housed on a

Page 1 of 2

"disciplinary yard" which is so violent and constantly locked-down, with such a low custody level. And, he responded over and over again, "asked your Unit Manager Avalos, she f*****-up your transfer to please her bosses."

Respectfully submitted this __11__ day of ___11_____, 2020.

*Anderson P. Straker*
Anderson Straker, #29067-016