IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 20-cv-3478-WJM-STV

ANDERSON STRAKER,

    Plaintiff,

v.

STANCIL,
ROOT,
MOORE,
ANTHONY,
TORRES,
STRATTON,
GALVAN,
LINDGREN,
AVALOS, and
TWO UNKNOWN INDIVIDUALS,

    Defendants.

---

**ORDER ADOPTING FEBRUARY 10, 2022 RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on the February 10, 2022 Recommendation by United States Magistrate Judge Scott T. Varholak (the "Recommendation") (ECF No. 84) that the Court grant Defendants Stancil, Root, Moore, Anthony, Torres, Stratton, Galvan, Lindgren, and Avalos's (collectively, "Defendants") Motion to Dismiss ("Motion") (ECF No. 37) and dismiss Plaintiff Anderson Straker's Complaint (ECF No. 1). The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). For the following reasons, the Recommendation is adopted in its entirety.

## I. BACKGROUND AND PROCEDURAL HISTORY

The Court assumes the parties' familiarity with the facts and incorporates by reference the factual history contained in the Recommendation, which relies on the facts alleged in the Plaintiff's Complaint (ECF No. 1).[1]

This civil rights action arises out of Plaintiff's alleged mistreatment while incarcerated at the United States Penitentiary in Florence, Colorado ("USP Florence"). (*Id.* at 6.) Specifically, he alleges that USP Florence officers intentionally transferred him into a cell with an "higher level inmate from DC" ("DC Inmate") who posed a risk to his safety. (*Id.*) According to Plaintiff, this action was taken in retaliation for a lawsuit he had filed against officers at another prison. (*Id.* at 10.) He alleges that the DC Inmate assaulted him and that Defendants waited four days before moving him to a safer cell. (*Id.* at 6.) Further, he alleges that the USP Florence medical staff failed to adequately treat the injuries he sustained from the assault. (*Id.*)

Plaintiff filed his Complaint on November 23, 2020. (*Id.* at 1.) Reading his Complaint liberally, he asserts three claims: (1) First Amendment retaliation against all Defendants; (2) Eight Amendment deliberate indifference to serious risks to his safety against Defendants Moore, Root, Stancil, Avalos, Torres, Stratton, Galvan, and Anthony; and (3) Eight Amendment deliberate indifference to serious medical needs in violation of the Eighth and Fourteenth Amendments against Defendant Lindgren. (*Id.* at 6–7.)[2]

---

[1] The Court assumes the allegations contained in the Complaint are true for the purpose of resolving the Motions. *See Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[2] Judge Varholak construes the Complaint to bring these specific claims. (ECF No. 84 at 10–11.) Plaintiff does not object to his characterization of his Complaint. (*See generally* ECF

On June 11, 2021, Defendants filed the Motion, in which they request that the Court dismiss all of Plaintiff's claims. (ECF No. 37.) Plaintiff filed a response to the Motion ("Response") (ECF No. 73), to which Defendants replied ("Reply") (ECF No. 79).

On February 10, 2022, Judge Varholak issued his Recommendation. (ECF No. 84.) He found that Defendants were protected by qualified immunity on all claims, and consequently, he recommended granting the Motion and dismissing the Complaint. (*Id.* at 11–24.)

On February 23, 2022, Plaintiff filed an Objection to the Recommendation ("Objection") (ECF No. 85), to which Defendants responded (ECF No. 86).

## II. LEGAL STANDARDS

### A. Review of a *Pro Se* Plaintiff's Pleadings

The Court must construe a *pro se* plaintiff's pleadings "liberally"—that is, "to a less stringent standard than formal pleadings filed by lawyers." *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009). It is not, however, "the proper function of the district court to assume the role of advocate for the *pro se* litigant." *Id.*; *see also Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) ("[W]e will not supply additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded.").

### B. Rule 72(b) Review of a Magistrate Judge's Recommendation

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly

---

No. 85.) Thus, the Court adopts Judge Varholak's construction of the claims in the Complaint.

3

objected to." Fed. R. Civ. P. 73(b)(3).  An objection to a recommendation is properly made if it is both timely and specific.  *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996).  An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."  *Id.*  In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id.*

In the absence of a timely and specific objection, "the district court may review a magistrate [judge's] report under any standard it deems appropriate."  *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record.").

**C.     Rule 12(b)(6) Motion to Dismiss**

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim in a complaint for "failure to state a claim upon which relief can be granted."  The Rule 12(b)(6) standard requires the Court to "assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff."  *Ridge at Red Hawk*, 493 F.3d at 1177.  In ruling on such a motion, the dispositive inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Granting a motion to dismiss "is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice."  *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir.

2009) (internal quotation marks omitted). "Thus, 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.'" *Id.* (quoting *Twombly*, 550 U.S. at 556).

### III. ANALYSIS

#### A.    Eighth Amendment Failure-to-Protect Claim

In his Objection, Plaintiff only disputes Judge Varholak's finding on Plaintiff's Eighth Amendment failure-to-protect claim (ECF No. 85 at 4–5), which Judge Varholak recommended dismissing because Defendants are protected by qualified immunity (ECF No. 84 at 15–21).

Public officials enjoy "qualified immunity in civil actions that are brought against them in their individual capacities and that arise out of the performance of their duties." *Pahls v. Thomas*, 718 F.3d 1210, 1227 (10th Cir. 2013). To overcome qualified immunity, a plaintiff must show that: (1) the public official violated the plaintiff's constitutional rights; and (2) these rights were clearly established at the time of the alleged violation. *Id.*

To show a violation his Eighth Amendment rights based on a failure-to-protect theory, Plaintiff must show that: (1) the conditions of his incarceration presented an objective substantial risk of serious harm; and (2) prison officials had subjective knowledge of the risk of harm. *Howard v. Waide*, 534 F.3d 1227, 1236 (10th Cir. 2008) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

Judge Varholak recommended dismissing Plaintiff's failure-to-protect claim based on the first prong of the qualified immunity analysis. (ECF No. 84 at 15–21.) First, Judge Varholak recommended that Plaintiff's failure-to-protect claim based upon his placement in the cell with the DC Inmate be dismissed because he fails to allege

5

that Defendants were aware of an excessive risk to Plaintiff's safety when they placed him in that cell.  (*Id.* at 18–20.)  He reasoned that Plaintiff's allegation that he had told Defendants that the DC Inmate posed a danger to him was not enough to meet his burden to plausibly allege that Defendants were aware of a substantial risk of serious harm.  (*Id.* at 18–19 (citing *Turner v. Okla. Cnty. Bd. of Cnty. Comm'rs*, 804 F. App'x 921, 926 (10th Cir. 2020) ("Subjective awareness of only *some* risk of harm to a prisoner is insufficient for a deliberate-indifference claim." [emphasis in original])).)

Second, Judge Varholak recommended that the Court dismiss Plaintiff's failure-to-protect claim based upon Defendant Anthony waiting four days to move Plaintiff to a safer cell after he was assaulted by DC Inmate because Plaintiff also fails to allege that Defendant Anthony was aware that Plaintiff was at substantial risk of serious harm during those four days.  (*Id.* at 20–21.)

In his Objection, Plaintiff argues that Judge Varholak erred and that he has plausibly stated a claim because he alleges in his Complaint that: (1) Defendants departed from the duty of care embodied in 18 U.S.C. §§ 4042(a)(2)–(3); (2) Defendants intentionally put Plaintiff in danger by assigning him to share a cell with the DC Inmate; and (3) Defendants unreasonably delayed in removing Plaintiff from the cell he shared with DC Inmate after he was assaulted.  (ECF No. 85 at 4–5.)

However, none of these arguments were raised in Plaintiff's Response to Defendants' Motion to Dismiss.  (*See generally* ECF No. 73.) In his Response, the Plaintiff's argument on qualified immunity reads in full:

> Plaintiff's claim against the Defendants for retaliation for his filing a lawsuit in another state, along with getting his life sentences reversed, has merit, as it would have been part of his prison transfer paperwork when they placed him the

6

> Special Housing Unit. Thus, Defendants' denial of
> knowledge does not have merit. Further, Defendants moved
> Plaintiff from lower-level housing to general population,
> knowing that he was going to be moved from their facility
> due to his life sentences being reversed. In *Booker v. South
> Carolina Department of Corrections.*, #15-7679, 855 F.3d
> 533, [*sic*] (4th Cir. 2017), the Court held that Prison officials
> were not entitled to qualified immunity on a prisoner's claim
> that they retaliated against him for filing a grievance by
> imposing disciplinary charges against him in violation of his
> First Amendment rights. While no prior published Fourth
> Circuit decision directly addressed whether filing a grievance
> was protected First Amendment conduct, the right was
> clearly established based on general constitutional principles
> or a consensus of persuasive authority.

(*Id.* at 9.) None of the issues Plaintiff raises in his Objection were raised in the Response, and as a result he has waived those arguments. *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

Because Plaintiff does not raise a specific objection that has not been waived, the Court reviews this portion of the Recommendation for clear error. *See Summers*, 927 F.2d at 1167 (holding that in the absence of a timely and specific objection, "the district court may review a magistrate [judge's] report under any standard it deems appropriate."). The Court has reviewed Judge Varholak's ruling and finds no clear error in his determinations. Thus, this portion of the Recommendation is adopted.

**B.     Findings Without Objection**

Neither party has objected to the remainder of Judge Varholak's Recommendation, which finds that Plaintiff has failed to adequately allege his First Amendment retaliation claim and his Eighth Amendment claim brought under a theory

7

of deliberate indifference to serious medical needs.[3]  The Court has reviewed these rulings and finds no clear error in these determinations.  *See* Fed. R. Civ. P. 72(b) Advisory Committee's Note; *Thomas*, 474 U.S. at 150 (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings").  Accordingly, the Recommendation is adopted with respect to these claims.

## C.   Leave to Amend

The Tenth Circuit instructs district courts to grant leave to amend "where deficiencies in a complaint are attributable to oversights likely the result of an untutored *pro se* litigant's ignorance of special pleading requirements."  *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990).  Should Plaintiff believe himself able to plausibly plead facts which would cure the pleading deficiencies noted in this Order and the Recommendation, he may file an amended complaint.  If the plaintiff does not respond within the prescribed time, this matter may be dismissed without further notice.

## IV. CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

1.   Plaintiff's Objection (ECF No. 85) is OVERRULED;

2.   The Recommendation (ECF No. 84) is ADOPTED in its entirety;

3.   Defendants' Motion to Dismiss (ECF No. 37) is GRANTED;

4.   Plaintiff's Complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE; and

---

[3] In Plaintiff's Objection, there is one sentence asserting that Defendants unreasonably delayed medical treatment for Plaintiff's head injury.  (ECF No. 85 at 4–5.)  The Court does not consider this one sentence to be sufficiently specific to constitute an objection to the Recommendation.  *2121 E. 30th St.*, 73 F.3d 1057 at 1059.

5.       Should Plaintiff believe himself able to plausibly plead facts which would cure the pleading deficiencies noted in this Order and the Recommendation, he may file an amended complaint by no later than **April 4, 2022**.

Dated this 10th day of March, 2022.

BY THE COURT:

_____
William J. Martinez
United States District Judge

9